NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0402n.06

No. 16-4180

FILED
Jul 12, 2017
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOSEPH ZICKES, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CUYAHOGA COUNTY; CUYAHOGA COUNTY | ) | COURT FOR THE |
| EXECUTIVE; BRYAN SMITH; MICHAEL | ) | NORTHERN DISTRICT OF |
| CARROLL, | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: GUY, ROGERS, and KETHLEDGE, Circuit Judges.

ROGERS, Circuit Judge. Joseph Zickes claims that after becoming the union steward for the deputies at the Cuyahoga County Sheriff's Department he was subjected by his supervising officers Bryan Smith and Michael Carroll to a campaign of retaliation and harassment that ultimately forced him to retire early. Notwithstanding Zickes' arguments on appeal, the district court properly rejected his claims, in part because the activities allegedly protected by the First Amendment, such as refusing to lobby employees to donate sick time, do not touch on matters of public concern. Zickes' other arguments on appeal either do not need to be reached or are also without merit, and the district court accordingly properly denied relief.

In October 2011, Zickes, a longtime employee of the sheriff's department, was reassigned to the Juvenile Justice Center, then under the supervision of Lieutenant Smith. A

month later Zickes was also elected steward for the deputies' bargaining unit, and it was then that Zickes claims Smith began pressuring him to lobby his fellow bargaining unit members to transfer their sick time to a lieutenant outside of their unit. Zickes refused, and shortly thereafter he claims that Smith, along with Sergeant Carroll and Lucy Rodriguez, waged a campaign of retaliation and harassment against him that ultimately compelled him to retire early, at considerable financial cost.

Following his retirement Zickes brought suit under 42 U.S.C. § 1983 against Cuyahoga County and the County Executive, along with Smith, Carroll, and Rodriguez in their individual and official capacities, alleging that they had retaliated against him for his union activities, in violation of the First Amendment. His First Amendment claim included an assertion that he suffered severe emotional distress, and the complaint's jurisdiction section alluded to further, though unspecified, violations of his "Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendment" rights under the Constitution.

The County and County Executive, along with Smith and Carroll, eventually filed a motion for judgment on the pleadings, leading the district court to dismiss any claim for intentional infliction of emotional distress as well as any claims under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, none of which was developed or listed in a separate count. Zickes eventually moved for summary judgment on his remaining claims,[1] and the remaining defendants, Smith and Carroll, responded with their own motions for summary judgment.

The district court denied Zickes summary judgment, and granted it to the defendants. After excluding testimony from a number of Zickes' witnesses for advancing legal conclusions, *see Zickes v. Cuyahoga Cty., et al.*, 207 F. Supp. 3d 769, 778-79 (N.D. Ohio 2016), the court determined that Zickes' First Amendment retaliation claim failed, for either of two reasons.

---

[1] Zickes also agreed to dismiss the County, County Executive, and Rodriguez from the suit.

First, because the court determined that none of the speech that Zickes cited—his stance on the sick-time donation and his posting on the union bulletin board—touched on a matter of public concern, that speech could not qualify for constitutional protection. *Id.* But even if that speech were protected, the court concluded that Zickes' claim would still fail, because he had not alleged a materially adverse employment action. On the one hand, the court found that the various disciplinary actions that Smith and Carroll meted out to Zickes were insufficiently severe to count as materially adverse in themselves. *Id.* at 780. Zickes' constructive-discharge theory was similarly without merit, the court concluded, because none of the incidents Zickes cited could reasonably have made him feel compelled to quit, and he had failed in any event to provide evidence suggesting that Smith or Carroll had sought to create such intolerable work conditions. *Id.* at 781

As a result of those rulings the district court further concluded that Zickes could not establish a violation of any clearly established constitutional right. *Zickes*, 207 F. Supp. 3d at 781-82. That failure, the court held, entitled the defendants to summary judgment based on qualified immunity. *Id.* Zickes now appeals.

It is clear, first, that Zickes cannot succeed on his central First Amendment claim, because he has presented no argument that his speech was, in fact, constitutionally protected. Below Zickes pointed to two incidents that allegedly involved constitutionally protected speech: his refusal to lobby his colleagues to donate their sick time, and his posting and writing on the union bulletin board. In his brief on appeal, however, Zickes presents no discussion of either incident, let alone a developed argument as to why the district court was wrong in concluding that his speech in each case did not touch on a matter of public concern and thus was not protected by the First Amendment. Zickes has accordingly forfeited that challenge. *See Adair v.*

*Charter Cty. of Wayne*, 452 F.3d 482, 491 (6th Cir. 2006). Because the public concern requirement is not met, Zickes' First Amendment challenge fails without more. *See Rorrer v. City of Snow*, 743 F.3d 1025, 1048 (6th Cir. 2014). We consequently need not reach his further argument that he suffered a materially adverse employment action on account of that speech through constructive discharge.[2]

Zickes has likewise failed to indicate any reversible error in the district court's related evidentiary rulings. First, Zickes concedes that the affidavits he introduced below, at least as they concerned the nature of his speech, were being offered at least in part for a purely legal conclusion—namely, that his speech touched on a matter of public concern. That was the only basis on which the district court ruled those affidavits inadmissible, and on appeal Zickes does not challenge the exclusion of the legal conclusions found in those affidavits. Zickes does object to the exclusion of the factual assertions contained in those affidavits, such as testimony that Carroll attempted to block Zickes' entry into the grievance hearing and a later labor management meeting, and that Carroll told Zickes he was launching an investigation into Zickes' leaving a lunch bag. But the only arguments that those portions of the testimony could support have to do with the purportedly adverse actions and constructive discharge that were said to be motivated by actions allegedly protected by the First Amendment. But without activity protected by the First Amendment, the scope of any retaliation is no longer relevant. Thus, even if portions of those affidavits were erroneously excluded, their exclusion was harmless, and would not warrant reversal. *See Upshaw v. Ford Motor Co.*, 576 F.3d 576, 593 (6th Cir. 2009).

Zickes also contests the dismissal of various other constitutional claims, as well as a claim for intentional infliction of emotional distress That challenge is equally unavailing,

---

[2] Zickes has failed, in any event, to point to any evidence supporting that constructive-discharge theory beyond his own conclusory allegations. Indeed, he does not even indicate what "blatant acts of retaliation" he has in mind, let alone what evidence would argue that those acts were calculated to force his retirement.

however, for those various claims not only fail to appear as separate counts in Zickes' amended complaint,[3] they are nowhere in the complaint even alleged in so many words as a claim. Allegations that spare are plainly inadequate, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and their dismissal was therefore proper.

Finally, Zickes argues that the district court erroneously allowed the defendants to file briefs below that were, in effect, impermissibly long. As Zickes admits, however, that argument is new on appeal. "As a general rule, this Court does not address on appeal issues that were not raised and ruled upon in the district court," and will do so only in "exceptional circumstances." *United States v. Poole*, 407 F.3d 767, 773 (6th Cir. 2005). Zickes has pointed to no circumstances—nor to a particular harm he suffered—that would justify departing from that general rule here.

The judgment of the district court is affirmed.

---

[3] The various constitutional claims other than the First Amendment claims appear only in the jurisdictional section of his complaint, while the only reference to emotional distress occurs under his First Amendment count.